IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>ONE PARCEL OF PROPERTY LOCATED )<br>AT 1515 15th PLACE, CLANTON, )<br>CHILTON COUNTY, ALABAMA, with all )<br>appurtenances and improvements thereon, )<br>)<br>    Defendant. ) | Case No. 2:05-cv-301-MEF<br>(WO) |

**MEMORANDUM OPINION AND ORDER**

In this case, the United States seeks to forfeit a tract of real property allegedly used in connection with violations of 21 U.S.C. §§ 841, *et. seq*. Mary Ulmer, the United States Department of Agriculture (Rural Housing Service)(hereinafter "USDA"),[1] and Merchants Adjustment Service, Inc.[2] each filed claims with respect to the property at issue (Docs. # 4, 11, & 16). This cause is before the Court on the United States of America's Motion for Summary Judgment (Doc. # 30).

---

[1] The USDA claims that it has a mortgage interest in the property and requests that if the property is forfeited to the United States, that the United States recognize its status as a mortgage lienholder and remit any sale proceeds to USDA up to the amount of the unpaid debt. This claim is irrelevant to the United States' summary judgment motion and will not be addressed in this Memorandum Opinion and Order.

[2] The United States settled its claim as to Merchants Adjustment Service, Inc. (Docs. # 22 & 26). Therefore, Merchants Adjustment Service, Inc. is no longer a party to this action.

## I. Jurisdiction and Venue

This Court exercises subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.  Venue in this district is proper pursuant to  28 U.S.C. § 1395 and 21 U.S.C. § 881(j) because the alleged acts or omissions giving rise to the forfeiture occurred in this district and the property is located within this district.

## II.  Summary Judgment Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof.  *Id.* at 322-23.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324. To avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, a court ruling on a motion for summary judgment must believe the evidence of the non-movant and must draw all justifiable inferences from the evidence in the non-moving party's favor. *See, e.g., Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *McCormick v. City of Fort Lauderdale,* 333F.3d 1234, 1243 (11th Cir. 2003) (the evidence and all reasonable inferences from the evidence must be viewed in the light most favorable to the non-movant). After the non-moving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c).

> The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case. The relevant rules of substantive law dictate the materiality of a disputed fact. A genuine issue of material fact does not exist unless there is sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict in its favor.

*Chapman v. AI Transp.,* 229 F.3d 1012, 1023 (11th Cir. 2000) (*en banc*) (quoting *Haves v. City of Miami,* 52 F.3d 918, 921 (11th Cir. 1995) (internal marks and citations omitted)).

### III.  Facts

The Court has carefully considered all documents submitted in support of and in opposition to the motion.  The submissions of the parties establish the following facts.

The Defendant property consists of real property located at 1515 15th Place, Clanton, Chilton County, Alabama, with all appurtenances and improvements thereon.  The Defendant property was acquired by Ms. Ulmer from Dale N. Richey, State Director of Farmer's Home Administration, USDA, Montgomery, AL on or about April 6, 1989.  The United States Department of Agriculture, Rural Housing Service holds a purchase money mortgage on the Defendant property.

On February 15, 2005, agents entered the Defendant property to arrest Christopher Ulmer.  Upon entering the bedroom where Mr. Ulmer was located, the agents observed a bag of marijuana and an amount of United States currency in plain view.  A search warrant for the property was obtained and a search was conducted.  A bottle of tussinex (a controlled substance in Alabama) was seized from the refrigerator.  During the search of a Chevrolet van located in the rear of the Defendant property, approximately 1500 grams of powder cocaine, 600 grams of crack cocaine, and 6.2 pounds of marijuana were seized.

Ms. Ulmer asserts that she had no knowledge of the presence of any of the items seized or that the Defendant property was used or intended to be used for illegal acts. Specifically, Ms. Ulmer states that Mr. Ulmer is her adult son who does not reside at the Defendant property, but was temporarily staying at the Defendant property at the time of the

search because he had suffered a broken leg.  She further claims that she arrived at the house shortly before the search, had not been in the bedroom occupied by Mr. Ulmer, and had not seen any of the items seized.  Furthermore, she claims that it was dark when she arrived home, that she was not aware of the vehicle parked behind her home, did not own the vehicle, and did not give anyone permission to park it there.  Ms. Ulmer admits that on February 15, 2005 she was arrested and charged in Chilton County, Alabama for possession of controlled substances in violation of Alabama law.  However, on March 9, 2005, those charges were dismissed by the Chilton County District Court and there is no evidence that Ms. Ulmer has been subsequently charged or indicted for any crime arising out of the seizure presently at issue.

### IV. Discussion

In a forfeiture case, the Government has the initial burden of proving by a preponderance of the evidence that the property is subject to forfeiture.  18 U.S.C. § 983(c)(1).  Where, as here, the "Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense" the Government must establish that there was a "substantial connection" between the property and the offense. 18 U.S.C. § 983(c)(3).  The Government must establish the existence of a substantial connection by a preponderance of admissible, non-hearsay evidence.  *United States v. $22,991.00, More or Less, in U.S. Currency*, 227 F. Supp. 2d 1220, 1231 & n.3 (S.D. Ala. 2002).  There is no requirement that

the Government tender direct evidence of a connection between the subject property and the offense; the presentation of circumstantial evidence is a permissible form of proof. *See id*.

In the Verified Complaint, the Government alleges that the Defendant property was used or intended to be used to commit or facilitate the commission of a violation of 21 U.S.C. §§ 841 *et. seq.* Ms. Ulmer does not dispute these allegations. Such allegations are sufficient to establish a "substantial connection" between the property and the offense. Therefore, summary judgment is due to be granted as to the forfeitability of the Defendant property. That is, at trial, the United States will not be required to produce evidence that a violation of 21 U.S.C. §§ 841 *et. seq.* occurred or that the violation was substantially connected to the Defendant property.

However, although it has been established that the Defendant property is forfeitable, 18 U.S.C. § 983(d) provides for an innocent owner defense:

> An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence. . . . With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who . . . did not know of the conduct giving rise to the forfeiture.

18 U.S.C. § 983(d). Ms. Ulmer claims that she did not know that the illegal conduct was occurring on the Defendant property. This is sufficient evidence to create a genuine issue of material fact as to whether she is an innocent owner of the Defendant property.[3]

---

[3] In its reply brief (Doc. # 38), the United States concedes that Ms. Ulmer has raised a genuine issue of material fact regarding the innocent owner defense.

Therefore, summary judgment is due to be denied on the innocent owner defense.

## V.  Conclusion

For the reasons set forth above, it is hereby ORDERED that the United States' Motion for Summary Judgment (Doc. # 30) is GRANTED in part and DENIED in part.

DONE this the 23rd day of June, 2006.

                                                    /s/ Mark E. Fuller
                                    CHIEF UNITED STATES DISTRICT JUDGE